IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK02-80078 |
| | ) | |
| RUTH E. M. DARDEN, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | Filing No. 27, 30 |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on November 9, 2006, regarding Zweiback Enterprises, L.L.C.'s motion to alter or amend judgment (Fil.#27), and resistance by the debtor (Fil. #30). Ernest Addison, Jr., appeared for the debtor and John Rogers appeared for Zweiback Enterprises.

Shortly after a hearing was held on July 25, 2006, on debtor's motion to avoid a lien held by Zweiback Enterprises, L.L.C., the court entered an order at Filing No. 26 which avoided the lien. Zweiback Enterprises, L.L.C., has moved to alter or amend that order because of recitations in the order which counsel for the movant believes are inconsistent with the evidence and perhaps are inconsistent with other recitations in the order.

The motion to alter or amend is granted to a limited extent.

In the objection to the motion to avoid the lien, Zweiback Enterprises, L.L.C., took the position that if the parties and the court consider the current status of the liens with regard to the real property in question, the movant has a first lien on the property and, therefore, the lien cannot impair the homestead exemption, because there is sufficient value in the property to support the judgment lien and the mortgage or deed of trust which is junior to the judgment. However, the court, in its recitations contained in the order, did not consider the current status of the liens against the property. The issue before the court was the status of the liens on the petition date, January 15, 2002. At that time, the movant's judgment lien was junior to the deed of trust lien and, without consideration of the judgment lien, the debtor had approximately $4,000 in equity which could be claimed as a homestead.

Therefore, when the order recites that the movant did not object to the exempt status of the homestead, nor did the movant challenge the assertion by the debtor that there was no equity in the property above the homestead exemption, the recitation referred to the status as of the petition date. I acknowledge, for purposes of the motion to alter or amend, that movant did argue and present evidence that as of the current time period, the movant's judgment lien would not impair the homestead exemption if the current time period was the relevant time period.

The movant also suggests that there is an internal inconsistency between the language used on the bottom of page 1 and the top of page 2 and the language in the third full paragraph on page 2. The court first opined that the debtor did not move to avoid the lien during the bankruptcy case because counsel for the debtor believed that claiming the homestead exemption and listing the judgment lien was sufficient to eliminate any lien claim. Then, in the third full paragraph on page 2, the court stated that the movant is charged with knowledge of the bankruptcy case and the treatment of the underlying debt as an unsecured debt with no lien status.

I do not find these statements to be inconsistent.  Counsel for the debtor did believe that either there was no lien because the judgment was in the county court, rather than the district court, or that avoidance of the lien, if there was one, would occur by the granting of the homestead exemption and the listing of the judgment lien in the schedules.  It is an accurate statement that the movant was charged with knowledge of the treatment of the debt and the judgment as an unsecured debt with no lien status.  The schedules make that clear.

To the extent that such a statement appears to criticize the purchase of the underlying debt and the judgment lien by the movant, no such criticism was intended.  Movant is an assignee of the original judgment creditor.  The original judgment creditor received notice of the bankruptcy filing and the treatment that was being accorded the judgment creditor's claim in the original schedules and statement of affairs.  All that was meant by the above language was that the assignee, the movant herein, is charged with the same notice the original judgment creditor had concerning the status of the bankruptcy case.

It is true that at the close of the bankruptcy case, the judgment lien held by the movant on the petition date had not been avoided.  Nonetheless, under the right circumstances, the court may determine that the judgment lien holder is not prejudiced by the length of time between the closing of the bankruptcy case and the request for avoidance of the judgment lien.  Such a conclusion results from the fact that had counsel for the debtor recognized the fact that the county court judgment had been transcribed to the district court, thereby creating a lien on the real estate, counsel could have moved to avoid the lien as impairing the homestead during the pendency of the case.  The avoidance of the lien at this time is no more harmful to the movant than avoidance of the lien would have been had it occurred during the pendency of the case.

IT IS ORDERED: As mentioned above, the motion to alter or amend the judgment (Fil. #27) is granted to a limited extent.  However, the conclusion of the court that the lien should be and is avoided is not altered.

DATED this 20th day of November, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
     Ernest Addison, Jr.
     *John Rogers
     U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.

-2-