IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | 8:07CV10 |
| | ) | BK 02-80078 (Chapter 7) |
| RUTH E. M. DARDEN, | ) | |
| | ) | **MEMORANDUM** |
| Debtor. | ) | **AND ORDER** |

The bankruptcy court[1] permitted the debtor, Ruth E. M. Darden (Darden) to reopen her no-asset Chapter 7 case and avoid a judgment lien held by Zweiback Enterprises, L.L.C. (Zweiback), as the assignee of Rosen Auto Leasing, Inc. (Rosen). On appeal by Zweiback, I affirm the bankruptcy court's decision.[2]

### *INTRODUCTION*

Rosen obtained a default judgment against Darden in the County Court of Douglas County, Nebraska, on August 16, 2001. About three months later, on November 29, 2001, Rosen transcribed the judgment to the District Court of Douglas County, Nebraska, thereby creating a lien on Darden's residence in Omaha.[3]

---

[1] The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

[2] I find that oral argument is not needed because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. See Bankruptcy Rule 8012.

[3] "Any person having a judgment rendered by a county court may cause a transcript thereof to be filed in the office of the clerk of the district court in any county of this state. When the transcript is so filed and entered upon the judgment record, such judgment shall be a lien on real estate in the county where the same is filed, and when the same is so filed and entered upon such judgment record, the clerk of such court may issue execution thereupon in like manner as execution is issued upon judgments rendered in the district court." Neb. Rev. Stat. Ann.§ 25-2721(2) (Lexis Nexis 2004).

Darden filed her voluntary petition in bankruptcy on January 15, 2002, and listed Rosen as an unsecured creditor with a claim in the amount of $5,298.98.[4] (Bankruptcy court filing 1, at 15.) Darden claimed a homestead exemption in the amount of $4,361.00,[5] representing the difference (rounded) between the $95,000.00 market value of her residence and two mortgages, in the amounts of $72,827.30 and $17,811.22. (Id., at 8, 9.) Darden's debts were discharged and the bankruptcy case was closed on May 10, 2002. (Bankruptcy court filing 5.)

On December 20, 2005, Darden filed a motion to reopen the bankruptcy case, alleging that she previously was unaware of Rosen's lien. (Bankruptcy court filing 6.) Zweiback resisted the motion, and the matter was submitted on April 4, 2006, following a telephonic hearing at which previously filed affidavits were admitted into evidence. (Bankruptcy court filings 10, 14, 15, 16.) On April 10, 2006, the bankruptcy court granted the motion to reopen, stating in part:

> The Bankruptcy Code permits the reopening of a closed case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).
>
> The reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved from the stacks of closed cases to enable the court to receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of the case. In re Germaine, 152 B.R. 619, 624 (B.A.P. 9th Cir. 1993) (citing In re David, 106 B.R. 126, 128-29 (Bankr. E.D. Mich. 1989) and In re Daniels, 34 B.R. 782 (B.A.P. 9th Cir. 1983)).

---

[4] The petition incorrectly recited that the lawsuit was pending. (Bankruptcy court filing 1, at 27.)

[5] The maximum homestead exemption under Nebraska law is $12,500.00. See Neb. Rev. Stat. Ann. § 40-101 (LexisNexis 2005).

> It is within the bankruptcy court's discretion to base its decision to reopen on the particular circumstances and equities of each particular case. Apex Oil Co. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 542 (8th Cir. 2005).
>
> In this case, it appears the Rosen/Zweiback lien may impair the debtor's homestead exemption and therefore may be avoidable under 11 U.S.C. § 522(f)(1)(A). The case therefore should be reopened. The debtor may file the appropriate motion to avoid the lien, and the creditor may raise its arguments regarding prejudice and any other grounds for denial of that motion in its resistance. See In re Vaske, ___ B.R. ___, 2006 WL 740673 (Bankr. N.D. Iowa Mar. 20, 2006) (discussing "good cause" for debtor's delay in filing lien avoidance motion until after discharge, and whether delay constitutes prejudice to creditor).

(Bankruptcy court filing 17.)

Darden filed a motion to avoid the lien on June 12, 2006, and Zweiback filed its resistance on July 3, 2006. (Bankruptcy court filings 20, 21.) The matter was heard by telephone on July 25, 2006, and additional filed affidavits were received in evidence.[6] (Bankruptcy court filings 23, 24, 25.) On July 31, 2006, the bankruptcy court entered an order granting Darden the relief requested, finding that:

> In November 2001, Rosen Auto Leasing obtained a judgment against Ruth Darden, formerly Ruth Ellis. Although the sheriff was directed to execute upon the judgment, the execution was returned unsatisfied because the debtor was filing bankruptcy.
>
> In January 2002, the debtor did file bankruptcy and did list the judgment in her schedules.[7] She obtained a Chapter 7 discharge in May of 2002.

---

[6] A transcript of the hearing is on file. (Bankruptcy court filings 34, 35.)

[7] This finding is not supported by the evidence. Only the debt was listed.

-3-

In October 2003, Zweiback Enterprises, L.L.C., obtained an assignment of this judgment from the trustee of Rosen Auto Leasing and the trustee's assignee, Eugene Zweiback.

During the pendency of the case and after the case was discharged and closed, the debtor did not move to avoid the judgment lien. However, she did claim a homestead exemption for the property to which the judgment lien had attached.

From October 2003 until October 2005, Zweiback Enterprises, L.L.C., took no action with regard to this judgment. On or about October 27, 2005, Zweiback Enterprises, L.L.C., filed a praecipe for execution with the Douglas County District Court requesting that the Clerk of the Court issue execution against the real property and direct the sheriff of Douglas County to levy on said real property. In response, in December 2005, the debtor obtained an order from the Douglas County District Court staying the proceedings therein.

Thereafter, the debtor filed a motion to reopen this bankruptcy case, which Zweiback Enterprises, L.L.C., resisted. The court reopened the case and permitted the debtor to file the current motion to avoid lien. Zweiback Enterprises, L.L.C., has resisted the motion to avoid the lien. The resistance does not appear to challenge the homestead exemption or challenge the assertion by the debtor that there is no equity in the property above the homestead exemption. Instead, the resistance is based upon the assertion by Zweiback Enterprises, L.L.C., that it is prejudiced by the significant delay in filing this motion to avoid the lien.

It appears that the motion to avoid the lien was not filed during the bankruptcy case because counsel for the debtor believed that claiming the homestead exemption and listing the judgment lien as well as the underlying debt was sufficient to eliminate any lien claim.[8] It was

---

[8] Again, there is no evidence that the judgment lien was listed. It appears more likely that Darden's attorney only knew that a lawsuit had been filed by Rosen, and that he did not check to see whether a judgment had been entered in county court or transcribed to district court.

-4-

> not until the execution was issued in the fall of 2005 that counsel for the debtor realized additional action was necessary.
>
> There is no information in the record why Zweiback Enterprises, L.L.C., delayed from October 2003 to October 2005 to begin collection proceedings.
>
> I find no prejudice to Zweiback Enterprises, L.L.C., by the delay in filing the motion to avoid the lien. As soon as collection efforts began and counsel for the debtor realized the legal problem, he responded both in the state court and in the bankruptcy court to get the matter cleared up for the benefit of his client.
>
> Zweiback Enterprises, L.L.C., took the assignment of this judgment in a package which included other assets received from the trustee. Zweiback Enterprises, L.L.C., is charged with knowledge of the bankruptcy case, the claim of homestead exemption, the listing of the judgment, and the treatment of the underlying debt as an unsecured debt with no lien status. It is also charged with the knowledge that the Bankruptcy Code permits judgment liens to be avoided if they impair an exemption of the debtor. I do not find that Zweiback Enterprises, L.L.C., has been or can be prejudiced under the facts of this case.
>
> The motion to avoid the judicial lien on the residential real property claimed in the homestead is granted.

(Bankruptcy court filing 26.)

On August 10, 2006, Zweiback filed a motion to alter or amend the order, claiming that the court erred in finding "that Creditor's Resistance did not challenge the Debtor's homestead exemption and did not challenge Debtor's assertion that there is no equity in the Debtor's real property above the homestead exemption" and "that Creditor's Nebraska District Court Judgment was not a lien on Debtor's real property at the time Creditor took assignment of said Judgment." (Bankruptcy court filing 27.) Darden resisted, and the matter was heard on November 9, 2006. (Bankruptcy court filings 30, 36.) The bankruptcy court, while not changing its ruling on Darden's

motion to avoid the judgment lien, granted Zweiback's motion "to a limited extent," as follows:

> In the objection to the motion to avoid the lien, Zweiback Enterprises, L.L.C., took the position that if the parties and the court consider the current status of the liens with regard to the real property in question, the movant has a first lien on the property and, therefore, the lien cannot impair the homestead exemption, because there is sufficient value in the property to support the judgment lien and the mortgage or deed of trust which is junior to the judgment. However, the court, in its recitations contained in the order, did not consider the current status of the liens against the property. The issue before the court was the status of the liens on the petition date, January 15, 2002. At that time, the movant's judgment lien was junior to the deed of trust lien and, without consideration of the judgment lien, the debtor had approximately $4,000 in equity which could be claimed as a homestead.
>
> Therefore, when the order recites that the movant did not object to the exempt status of the homestead, nor did the movant challenge the assertion by the debtor that there was no equity in the property above the homestead exemption, the recitation referred to the status as of the petition date. I acknowledge, for purposes of the motion to alter or amend, that movant did argue and present evidence that as of the current time period, the movant's judgment lien would not impair the homestead exemption if the current time period was the relevant time period.
>
> The movant also suggests that there is an internal inconsistency between the language used on the bottom of page 1 and the top of page 2 and the language in the third full paragraph on page 2. The court first opined that the debtor did not move to avoid the lien during the bankruptcy case because counsel for the debtor believed that claiming the homestead exemption and listing the judgment lien was sufficient to eliminate any lien claim. Then, in the third full paragraph on page 2, the court stated that the movant is charged with knowledge of the bankruptcy case and the treatment of the underlying debt as an unsecured debt with no lien status.

-6-

> I do not find these statements to be inconsistent. Counsel for the debtor did believe that either there was no lien because the judgment was in the county court, rather than the district court, or that avoidance of the lien, if there was one, would occur by the granting of the homestead exemption and the listing of the judgment lien in the schedules. It is an accurate statement that the movant was charged with knowledge of the treatment of the debt and the judgment as an unsecured debt with no lien status. The schedules make that clear.
>
> To the extent that such a statement appears to criticize the purchase of the underlying debt and the judgment lien by the movant, no such criticism was intended. Movant is an assignee of the original judgment creditor. The original judgment creditor received notice of the bankruptcy filing and the treatment that was being accorded the judgment creditor's claim in the original schedules and statement of affairs. All that was meant by the above language was that the assignee, the movant herein, is charged with the same notice the original judgment creditor had concerning the status of the bankruptcy case.
>
> It is true that at the close of the bankruptcy case, the judgment lien held by the movant on the petition date had not been avoided. Nonetheless, under the right circumstances, the court may determine that the judgment lien holder is not prejudiced by the length of time between the closing of the bankruptcy case and the request for avoidance of the judgment lien. Such a conclusion results from the fact that had counsel for the debtor recognized the fact that the county court judgment had been transcribed to the district court, thereby creating a lien on the real estate, counsel could have moved to avoid the lien as impairing the homestead during the pendency of the case. The avoidance of the lien at this time is no more harmful to the movant than avoidance of the lien would have been had it occurred during the pendency of the case.

(Bankruptcy court filing 37.)

Zweiback filed its notice of appeal on November 30, 2006, and elected to have to the appeal heard by the district court. (Bankruptcy court filings 38, 39.) This court has jurisdiction under 28 U.S.C. § 158(a)(1).

-7-

## *ISSUES ON APPEAL*

Although Zweiback's statement of issues on appeal identifies nine separate issues (filing 2-2), in essence there are only two:

1. Whether the bankruptcy court erred in granting Darden's motion to reopen her bankruptcy case under 11 U.S.C. § 350(b).

2. Whether the bankruptcy court erred in granting Darden's motion to avoid the lien under 11 U.S.C. § 522(f).

## *DISCUSSION*

A bankruptcy case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 2004). The statute sets no time limit for the motion,[9] and a decision to reopen is within the broad discretion of the bankruptcy court. See In re Vaske, 339 B.R. 489, 491 (Bkrtcy. N.D. Iowa 2006).

I find no abuse of discretion in this instance. The affidavit filed by Zweiback in opposition to the motion to reopen did not show that it would be prejudiced by the reopening of the bankruptcy case. The affidavit merely stated that Zweiback filed a praecipe for execution of the judgment against Darden's residence on October 27, 2005, and that the Douglas County District Court stayed execution on December 20, 2005, the same date that the motion to reopen was filed. (Bankruptcy court filing 15, ¶¶ 15, 16.) The circumstances surrounding the issuance of the stay, and its terms and conditions, were not disclosed. On the other hand, Darden was able to make a prima

---

[9] In general, however, "[t]he longer the time between the closing of the estate and the motion to reopen . . . the more compelling the reason for reopening the estate should be." Apex Oil Company, Inc. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 543 (8th Cir. 2005) (quoting Citizens Bank & Trust Co. v. Case (In re Case), 937 F.2d 1014, 1018 (5th Cir.1991)).

facie showing that the judgment lien, if enforced, would effectively eliminate the homestead exemption that she was entitled to under 11 U.S.C. § 552(b). The amount claimed as a homestead exemption, $4,316.00 (bankruptcy court filing 1, at 8), was less than the principal amount of the judgment lien, $5,246.12 (bankruptcy court filing 15, ¶ 8 and p. 6).

> Once property is exempted under § 522(b), it is immunized from creditors while the outstanding debts are being discharged in bankruptcy. See Owen v. Owen, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (explaining the concept of exemptions). A bankruptcy discharge, though, voids only those judgments "to the extent that such judgment is a determination of the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Since a judicial lien attached to property is a liability in rem, it is not routinely discharged at the conclusion of the bankruptcy case. Wrenn v. Am. Cast Iron Pipe Co. (In re Wrenn), 40 F.3d 1162, 1164 (11th Cir.1994). However, because judicial liens may interfere with the "fresh start" the Bankruptcy Code seeks to give debtors, such liens may be avoidable under a separate provision of the Bankruptcy Code, § 522(f).
>
> That provision permits a debtor to avoid a judicial lien to the extent it "impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f)(1). Pursuant to this section, the debtor can avoid a particular judicial lien if, in order to satisfy it, he would have to use assets he is otherwise entitled to set aside from the bankruptcy estate as exemptions. Section 522(f)(2) establishes a formula for determining whether a lien impairs an exemption:
>
>> [A] lien shall be considered to impair an exemption to the extent that the sum of–
>>     (i) the lien;
>>     (ii) all other liens on the property; and
>>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

> Id. § 522(f)(2)(A). See Snyder v. Rockland Trust Co. (In re Snyder), 279 B.R. 1, 4 (1st Cir. BAP 2002). Avoidance of judicial liens under § 522(f) is not an "all-or-nothing matter"; a debtor is permitted to avoid only that portion of the judicial lien that infringes upon the exemption to which he is entitled. East Cambridge Savings Bank v. Silveira (In re Silveira), 141 F.3d 34, 35-36 (1st Cir.1998). If the judicial lien does not impair the exemption–if the value of the property is greater than the sum of the liens attached to it and the exemption–then the debtor cannot avoid the lien and it will remain attached to the property.

In re Garran, 338 F.3d 1, 5-6 (1st Cir. 2003).

At the hearing on Darden's subsequently filed motion to avoid the judgment lien, Zweiback introduced a title certificate for Darden's residence, dated July 3, 2006, which showed that: (1) the judgment lien had first priority;[10] (2) the only other encumbrance on the property was a deed of trust dated January 10, 2006, in the amount of $120,700.00; and (3) the assessed value of the property for tax purposes was $143,7000.00. (Bankruptcy court filing 23, Exhibit A.) While this evidence indicates that Darden's homestead exemption would not be impaired by the lien in 2006, the relevant date for determining the value of the property under § 522(f) is the date on which the bankruptcy petition was filed, not the date on which the case was reopened. See In re Hall, 327 B.R. 424, 427 (Bkrtcy. W.D. Mo. 2005) (citing cases). Zweiback's evidence does create some doubt as to the accuracy of the 2002 claimed valuation of $95,000.00, but without any direct evidence showing the property's actual value in 2002, there is no factual basis for finding that Darden's homestead exemption was not impaired by the judgment lien when she filed for bankruptcy.

---

[10] Lien priority is irrelevant to a determination of the avoidance issue, however. See Kolich v. Antioch Laurel Veterinary Hospital (In re Kolich), 328 F.3d 406, 408-410 (8th Cir. 2003) (statutory formula defining an impairment for lien avoidance purposes must be construed literally; the term "all other liens" in § 522(f)(2)(A)(ii) includes a mortgage lien that is junior to a judgment creditor's lien under state law).

Because Rosen was listed as an unsecured creditor in the bankruptcy petition, it had constructive notice of the valuation that Darden had placed on the property in 2002, and the amount that she claimed as a homestead exemption. Rosen, of course, also knew or should have known that Darden had failed to list the judgment lien in Schedule D. There is evidence that Rosen attempted to execute against Darden's personal property in December 2001, and that the writ of execution was returned unsatisfied with a notation by the sheriff that "defendant is filing bankruptcy." (Bankruptcy court filing 15, ¶¶ 6, 7 and pp. 8-10.) However, because the sheriff's return does not show that the writ of execution was actually served on Darden, it cannot reasonably be inferred that Darden had actual notice that a judgment lien had been created, or, for that matter, that a default judgment had been entered against her. Darden swears in her affidavits that she did not learn of the judgment lien before the debt was discharged.[11] (Bankruptcy court filings 14, 24.)

On the evidence presented, therefore, the bankruptcy court's determination under § 522(f) is correct. Although Darden may be faulted for neglecting to discover and avoid the judgment lien in 2002, the equities of the situation still weigh in her favor. Zweiback cannot claim prejudice based on the fact that it purchased Rosen's lien interest in 2003, after the bankruptcy case was closed, because "[a]n assignee stands in the shoes of the assignor and is subject to all equities against the assignor." Goldie v. Cox, 130 F.2d 695, 720 (8th Cir. 1942) (bankruptcy proceeding).

### *CONCLUSION*

The bankruptcy court properly permitted the debtor to reopen the bankruptcy case and to avoid the creditor's judgment lien.

---

[11] Darden's brief on appeal states that the bankruptcy petition was filed "in response" to Rosen's attempt to execute on the judgment (filing 16, at 1), but this statement is so inconsistent with her own evidence and arguments made in the brief (e.g., "The Debtor was unaware of the lien or the same would have been included in the Debtor's bankruptcy." (Id., at 4)), that I do not consider it a binding admission.

-12-

Accordingly,

IT IS ORDERED that the bankruptcy court's orders of April 10, 2006 (bankruptcy court filing 17), July 31, 2006 (bankruptcy court filing 26), and November 22, 2006 (bankruptcy court filing 37) are affirmed. Judgment shall be entered by separate document.

May 14, 2007.                    BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge